**1406**

**SCHENLEY DISTILLERS, INC.,**
Appellant,

v.

**FIBAH CORPORATION, Appellee.**

Patent Appeal No. 8346.

United States Court of Customs
and Patent Appeals.

Nov. 5, 1970.

---◆---

Milton B. Seasonwein, New York City,
attorney of record, for appellant.

Before RICH, ALMOND, BALDWIN,
and LANE, Judges, and McMANUS,

Judge, Northern District of Iowa, sitting by designation.

BALDWIN, Judge.

This appeal is from the decision[1] of the Trademark Trial and Appeal Board dismissing an opposition by Schenley Distillers, Inc., to the registration[2] by appellee, Fibah Corp., of the mark "OLÉ" for cologne. Appellant Schenley is the owner of a registration[3] of the identical mark for use with tequila. The opposition was based on appellant's contention that the concurrent use of the mark by the two parties would be likely to generate confusion, mistake or deception in the trade as to the source of the respective goods. 15 U.S.C. § 1052(d).

The record in this case includes stipulated testimony submitted by appellant and three third-party registrations submitted by appellee. Our decision in no way relies on the third-party registrations.

From the stipulation we draw the following facts: Sales of Olé Tequila, from its first use in 1958 up to and including August 1966 amounted to over 22,000 cases and totalled over $900,000. The tequila has been advertised in the *New Yorker* magazine, in point-of-purchase displays, and in promotional booklets. There have been no instances of actual confusion with respect to the products of these two parties. However, appellant's parent company did, at one time, receive a letter from a manufacturer of toiletries protesting a resemblance between the package dress of another alcoholic beverage apparently marketed by appellant and that used by the toiletries manufacturer for two of its products. The letter includes the statement that such package resemblance

> may have a disagreeable connotation to some, may damage this reputation as well as lead to public confusion

---

1. The board's opinion is abstracted at 156 USPQ 714, (1967).

2. Application Serial No. 202,930, filed Dec. 16, 1964, published on Dec. 7, 1965.

3. No. 679,747, issued June 2, 1959.

about the source of the goods or the relationship of our companies.

Finally, it is also asserted that several affiliates of appellant have sold cosmetic products, including cologne, over a period of years.

At this point, we wish to note that the mark "OLÉ" was before us recently in Schenley Distillers, Inc. v. General Cigar Co., 427 F.2d 783, 57 CCPA 1213 (1970). In that case, appellant unsuccessfully opposed the registration of the mark for use with cigars, asserting essentially the same arguments presented here.

Appellant's position here is aptly summarized in the following extract from the board's opinion:

Opposer urges that its mark is arbitrary in nature and is therefore entitled to a broad range of protection. It then states that the products are related in that each is intended for consumer distribution and use, each is marketed in consumer packages, and each satisfied personal desires and wants. It also urges that present day product diversification, together with the fact that opposer has engaged in the toiletry business, would add to the likelihood that persons seeing the mark "OLÉ" on both tequila and cologne would assume that they emanate from a common source.

As we indicated earlier, this position is basically the same as that argued by appellant in the *General Cigar* case several months ago and we feel that much of what we said there is pertinent here. Suffice it to say that we have reconsidered these arguments but find that in the absence of a more widely known trademark or one used by a single party on a variety of products, we cannot hold that the goods here involved are so closely related as to justify the inference that the ordinary consumer would be likely to conclude that they would emanate from the same source. The board's decision is affirmed.

Affirmed.